IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE LEE ALDER, G-53356,<br><br>   Petitioner,<br><br> vs.<br><br>KELLY HARRINGTON, Warden,<br><br>   Respondent.<br>_____ / | No. C 10-2920 CRB (PR)<br><br>ORDER DENYING<br>PETITION FOR A WRIT OF<br>HABEAS CORPUS AND<br>DENYING CERTIFICATE OF<br>APPEALABILITY |

  Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. In its initial review order the court found that the petition, liberally construed, stated a cognizable claim under section 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause; petitioner has not filed a traverse. Having reviewed the papers and the underlying record, the court concludes that petitioner is not entitled to habeas corpus relief.

## STATEMENT OF THE CASE

  Petitioner was convicted by a jury in Alameda County Superior Court of kidnaping and committing multiple sex offenses against two different victims. Because he had an extensive criminal record, including three prior strike convictions, the court sentenced him to 180 years to life in state prison. The California Court of Appeal affirmed the conviction and sentence, and the

Supreme Court of California denied review.  The issues that petitioner raises here are those he presented on direct appeal.

## STATEMENT OF THE FACTS

Petitioner's issues are all attacks on jury instructions.  To the extent the facts of the case are relevant to the outcome, they are set out in the discussion of each claim, below.

## DISCUSSION

### A.      Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'reasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.

///

1   "[A] federal habeas court may not issue the writ simply because that court
2   concludes in its independent judgment that the relevant state-court decision
3   applied clearly established federal law erroneously or incorrectly.  Rather, that
4   application must also be unreasonable."  Id. at 411.  "[A] federal habeas court
5   making the 'unreasonable application' inquiry should ask whether the state
6   court's application of clearly established federal law was objectively
7   unreasonable."  Id. at 409.

8   The only definitive source of clearly established federal law under 28
9   U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme
10  Court as of the time of the state court decision.  Id. at 412; Clark v. Murphy, 331
11  F.3d 1062, 1069 (9th Cir. 2003).  While circuit law may be "persuasive
12  authority" for purposes of determining whether a state court decision is an
13  unreasonable application of Supreme Court precedent, only the Supreme Court's
14  holdings are binding on the state courts, and only those holdings need be
15  "reasonably" applied.  Id.

**B.      Claims & Analysis**

Petitioner claims that the trial court violated his constitutional rights by instructing the jury with CALJIC 2.21.2, CALJIC 2.03, and CALJIC 10.60.  His claims are those he raised on direct appeal.  Petitioner conceded on appeal that his arguments had all been rejected in other cases by the California Supreme Court, and said that he was rasing them only to "preserve them for possible federal review."  People v. Alder, 2010 WL 673201 at *1 (Cal. Ct. App. 2010).

To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.  Estelle v. McGuire, 502 U.S. 62, 72 (1991).  The instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record.  Id. The defined category of infractions that violate fundamental fairness is very

narrow: "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." Id. at 73.

### 1. **CALJIC 2.21.2**

The trial court gave the jury California uniform jury instruction 2.21.2, which provided: "A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars." Ex. A, Vol. 2 at 345.

Petitioner argued on direct appeal – and argues here – that because he was a witness, the instruction allowed the jury to disbelieve his entire testimony if it believed any one part of it was false, thus lessening the prosecution's burden of proof. The court of appeal rejected the argument, saying only that "[a]rguments like the one defendant makes with respect to this instruction were rejected in People v. Beardslee (1991) 53 Cal.3d 68, 95, and People v. Lang (1989) 49 Cal.3d 991, 1023." Alder, 2010 WL 673201 at *2. In Beardslee, the California Supreme Court rejected an argument that CALJIC 2.21.2 unconstitutionally lessened the prosecution's burden of proof, holding that the instruction does not *require* the jury to disbelieve all of a witness's testimony if it finds part of it to be untrue, that the portion of the instruction telling the jury that it should not reject the whole of a witness's testimony if it finds that part of it is probably true is "merely a statement of the obvious," and that all the instruction does is give the jury one test of a witness's credibility, without singling out any particular witness. Beardslee, 53 Cal. 3d at 94-95. In Lang the court rejected the same argument on the authority of a series of court of appeal cases that held that the instruction was a correct statement of the law. Lang, 49 Cal. 3d 1023.

The Ninth Circuit has rejected the argument petitioner advances here. In Turner v. Calderon, 281 F.3d 851 (9th cir. 2002), in the context of deciding if a

certificate of appealability should be granted on the issue, the court held that "[n]o reasonable jurist could conclude that, viewed in context, this 'instruction by itself so infected the entire trial that the resulting conviction violates due process." Id. at 865-66 (quoting Estelle, 502 U.S. at 72). The court held that the instruction did not single out the defendant, and that because the text of the instruction left the jurors fee to exercise their judgment as to what they accepted and rejected, "the instruction could not be applied in a way that challenged the Constitution." Id. at 866. This claim is without merit.[1]

### 2. CALJIC 2.03

The trial court gave the jury California uniform jury instruction 2.03, which provided: "If you find that before this trial [the] defendant made a willfully false or deliberately misleading statement concerning the crimes[s] for which [he] is now being tried, you may consider that statement as a circumstance tending to prove a consciousness of guilt. However, that conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are for you to decide." Ex. A, Vol. 2 at 338.

Petitioner contends that the instruction lessened the prosecution's burden of proof. The court of appeal rejected this argument, saying that the instruction was upheld in People v. Kelly, 1 Cal.4th 495, 531 (1992), and People v.

---

[1] The trial court also gave CALJIC 2.21.1, which read: "Discrepancies in a witness's testimony or between a witness's testimony and that of other witnesses, if there were any, do not necessarily mean that [a] witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. You should consider whether a discrepancy relates to an important mater or only to something trivial." Ex. A, Vol. 2 at 344. A jury instruction challenged as unconstitutional should not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Estelle, 502 U.S. at 72. That CALJIC 2.21.1 was given adds support to the conclusion that the instruction could not have been applied unconstitutionally.

Bacigalupo, 1 Cal.4th 103, 128 (1991), precedents which the court was required to follow. Alder, 2010 WL 673201 at *2.

The appellant in Turner v. Marshall, 63 F.3d 807 (9th Cir. 1995), overruled on other grounds, Tolbert v. Page, 182 F.3d 677, 685 (9th Cir. 1999) (en banc), made the same argument as to CALJIC 2.03 as petitioner does here.[2] The Ninth Circuit rejected the challenge, saying that because 2.03 does not "state that inconsistent statements constitute evidence of guilt, but merely states that the jury may consider them as indicating a consciousness of guilt . . . we find no constitutional error." Id. at 820. Turner is controlling here. Petitioner's claim is without merit.

### 3. CALJIC 10.60

The trial court gave the jury California uniform jury instruction 10.60, which provided: "It is not essential to a finding of guilty on a charge of [rape] that the testimony of the witness with whom sexual relations is alleged to have been committed be corroborated by other evidence." Ex. A, Vol. 2 at 367. The court also gave CALJIC 2.27, which as given provided: "You should give the testimony of a single witness whatever weight you think it deserves. Testimony concerning any fact by one witness, which you believe, is sufficient for the proof of that fact. You should carefully review all the evidence upon which the proof of that fact depends." Id. at 349.

Petitioner contends that the instructions duplicate each other, and therefore when given together give undue weight to the testimony of the complaining witness. The court of appeal rejected this argument, saying that the instruction was upheld by the California Supreme Court in People v. Gammage, 2 Cal.4th 693, 700-701 (1992), a precedent it was required to follow. Alder, 2010 WL 673201 at *2.

---

[2] The instruction at issue in Turner was the same as that given here.

1   The Ninth Circuit considered and rejected petitioner's argument in <u>Bruce v. Terhune</u>, 376 F.3d 950 (9th Cir. 2004). The court held that when the jury was properly instructed on the burden of proof, the presumption of innocence, and the factors for evaluating witness testimony, the instructions considered as a whole did not violate the requirement that guilt be proved beyond a reasonable doubt set out in <u>In re Winship</u>, 397 U.S. 358, 364 (1970).

The trial court gave instructions that are not challenged here on the burden of proof, presumption of innocence, and factors for evaluating witness testimony. Ex. A, Vol. 2 at 336, 338, 341, 342-43, 344, 345, 346, 347, 348, 349, 353, 354, 355, 356, 360-68. <u>Bruce</u> therefore is controlling. Petitioner's claim is without merit.

### 4. Cumulative Effect

Petitioner contends that the errors discussed above were cumulatively prejudicial. When there is no constitutional error, there is nothing to accumulate. <u>Mancuso v. Olivarez</u>, 292 F.3d 939, 957 (9th Cir. 2002). There was no prejudice.

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:  Jan. 30, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Alder, B1.deny.wpd